BROWN et al. v. MERCHANTS' MARINE INS. CO., Limited, et al.

(Circuit Court of Appeals, Ninth Circuit.   March 4, 1907.)

No. 1,226.

1. INSURANCE—MARINE POLICIES—INSURABLE INTEREST—SUBROGATION OF IN-
SURER.

Where insured had an insurable interest in property covered by, and
was therefore entitled to recover on, certain marine policies on dis-
bursement and for increased value, insured against total loss only, war-
ranted free from average and salvage charges, and containing a policy
proof of interest clause, the insurers having paid as for a total loss were
entitled to share with other insurers in the distribution of a fund re-
covered as the result of a proceeding to fix liability for the collision in
which the vessel insured was lost.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§
1504–1516.]

2. SAME—RECOVERY OF DAMAGES—PARTICIPATION IN PROCEEDINGS—DELAY.

Such insurers were not precluded from participation by mere delay
in paying the loss under their policies, nor by their refusal to participate
in the proceedings to recover damages from the owners of the vessel
liable for the collision.

3. SAME—SUBROGATION BETWEEN INSURERS.

Subrogation as between insurers results by operation of law from the
mere fact of payment of the loss, and does not depend on the voluntary
act of the assured.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§
1504–1516.]

4. SAME.

In an action by one insurance company against the others interested
in a loss on a vessel to share in the amount received in an action for
the injuries received by the vessel, it was no ground for discrimination
against the intervener that the policies which they issued covered dis-
bursements.

Appeal from the District Court of the United States for the Western
District of Washington.

See 144 Fed. 85.

The appellant is the assignee of certain insurance companies which had
insured the City of Kingston, an American vessel, against all risks, under
separate policies, in each of which the vessel was valued at $75,000. The appel-
lees issued to the owners of the City of Kingston two policies aggregating
$12,200 on disbursement and/or increase value insured against total loss
only, warranted free from all average and salvage charges, and containing
the policy proof of interest clause. In addition to these the St. Paul Fire &
Marine Insurance Company had insured the vessel in the sum of $4,800
against total loss only, no valuation being inserted in the policy. All of the
policies were for one year, beginning August 28, 1898, and ending August 29,
1899. On April 23, 1899, the City of Kingston came into collision with the
steamer Glenogle in Tacoma Harbor and was sunk. The Glenogle was
also damaged by the collision. The net value of the wreckage saved
from the City of Kingston was about $1,500. All the underwriters rep-
resented by the appellant, together with the St. Paul Fire & Marine In-
surance Company, paid a total loss. At the request of the underwriters,
which are represented by the appellant herein, the owner of the City of
Kingston took proceedings in the court below to recover damages for the
loss of that vessel from the owners of the Glenogle. The latter made a
counterclaim for injuries sustained by their vessel in the collision. On the
hearing the District Court (The Glenogle, 122 Fed. 503) found that the ac-

tual value of the City of Kingston was $140,000, and that both vessels were in fault, and decreed that the aggregate damages to both be divided equally between the parties to the suit. The result was that $67,472.96 was paid into the registry of the court for the owners of the City of Kingston. On October 29, 1903, the District Court decreed the payment of costs, disbursements, and expenses in the litigation, leaving in the registry of the court $47,426.97, which was held for disbursement to the insurance companies entitled to receive the same. On December 29, 1903, the appellees intervened, alleging that they had paid a total loss and that they were entitled to share pro rata with the other underwriters in the fund in court. In February, 1904, the District Court ordered the payment to the said insurance companies, other than the appellees herein, of all the funds then in the court, save the sum of $4,132.92, and subsequently, under the order of the court, that sum was paid to the appellees herein.

Ira Bronson, D. B. Trefethen, and Milton Andros, for appellants.
B. S. Grosscup (L. S. B. Sawyer, of counsel), for appellees.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The appellant contends that his assignors, having insured the City of Kingston in the sum of $75,000 in policies which established her value at that sum, and having paid the full amount thereof on her loss, became entitled to be subrogated to that amount as to all damages awarded the owner of the City of Kingston, and that the appellees, who had issued wager policies, were not entitled to share in that fund.

It is true that the policies which were issued by the appellant are in form what are known as "wager policies." Each contains the provision that the policy shall be "proof of interest," and therefore by its terms dispenses with proof of interest in the insured in case of loss. Such a provision in the policy implies that the contract is not one of indemnity, but that it is a wager, in which the insured need have no interest in anything insured, and consequently need have nothing at risk. Arnould on Marine Insurance (7th Ed.) § 9.

By the law as it was administered in England prior to the act of 19 Geo. II, c. 37, such a wager policy was deemed a valid contract of insurance, but by the terms of that act it was provided that all such insurance on British vessels or cargoes therein carried should be void. That statute was held not to affect insurance policies taken out in England on foreign ships or cargoes. Thellusson v. Fletcher, 1 Doug. 15. But in the United States it is held that, while a wager policy on property in which the insured has no interest is void as against public policy, the provision in the policy that that instrument shall be proof of interest does not render the policy void if the insured in fact had an insurable interest, and that such policies are to be deemed policies on interest if the contracting parties so understood and agreed. Said Judge Story in Alsop v. Commercial Insurance Company, 1 Sumn. 451, Fed. Cas. No. 262:

"There is this difference between policies in America and policies in England containing stipulations like those in the present policy, 'interest or no interest,' or 'without farther proof of interest than the policy,' that in the latter country, such policies being prohibited as wager policies, the insertion

of the prohibited words in the policy is proof de facto that they are mere wagers; whereas in America such policies are not treated as necessarily purporting to be wager policies, but that they are deemed policies on interest, if the parties so understood and agreed. So it was held in Amory v. Gilman, 2 Mass. 1, and in Clendining v. Church, 3 Caines (N. Y.) 141. Prima facie they so import; but the implication may be rebutted by proofs of admissions."

See, also, New York & Cuba M. S. S. Co. v. Royal Exchange Assurance (D. C.) 145 Fed. 713.

The assured in the policies issued by the appellees was in fact the owner of the property insured, and could undoubtedly have recovered on the policies. Such being the case, we are unable to discover any recognized principle of law or equity on which it should be held that the appellees are not entitled to rank equally with the other underwriters in the distribution of the fund in court. No ground for discrimination against the appellees can be found in the fact that the policies which they issued covered "disbursements." The object of insurance on disbursements is to insure the shipowner the recovery of additional sums beyond the amount covered by his insurance on ship and freight, and it is made against total loss only. Arnould, Marine Ins. § 247. In International Navigation Company v. Atlantic Mutual Ins. Co. (D. C.) 100 Fed. 304, Judge Brown said that policies on disbursements are in very common use, and "are designed to cover a variety of interests not covered by policies in the ordinary form, including moneys which have gone into the construction of the hull and equipment and sunk in depreciation. * * * 'Disbursement' policies are often issued where the hull is fully covered by other policies." And, since the appellees could, as we have seen, have been compelled to pay the loss under their policies, they are not, as suggested by the appellant, mere volunteers in paying the same and therefore to be denied the right of subrogation. Nor do we see that their delay in paying or their refusal to participate in the proceedings to recover damages from the owners of the Glenogle should be held to be ground for excluding them from participation in the fund. Subrogation results by operation of law from the mere act of the payment of the loss, and does not depend on the voluntary act of the assured. Phœnix Ins. Co. v. Erie Transportation Co., 117 U. S. 312, 6 Sup. Ct. 750, 29 L. Ed. 873; St. Louis, etc., Railway v. Commercial Ins. Co., 139 U. S. 223, 235, 11 Sup. Ct. 554, 35 L. Ed. 154. In The Livingstone, 130 Fed. 746, 65 C. C. A. 610, the amount in controversy was recovered by the unaided effort of the owners, and against the active opposition of the intervening underwriters. It was held, notwithstanding this fact, that the interveners were entitled to subrogation. We find the general doctrine applicable to this case in Arnould, Marine Ins. § 1215, where it is said:

"Upon abandonment each of the underwriters participates in the benefits of the transfer by sharing in the proceeds of the salvage according to the proportion which the amount of his subscription bears to the whole value of the thing insured, and this without regard to the date of the different subscriptions, or the priority of the policies, if more than one."

We find no error in the decree of the District Court. It is accordingly affirmed.